# Culbertson *against* Alexander.

One who is interested as a partner, though not named on the record, cannot be made a witness merely by a release of his interest in the subject matter of the action; being still liable for the costs.

ERROR to *Venango* county.

In this action of *assumpsit* by Joseph Alexander against David Culbertson, the plaintiff offered Thomas Alexander as a witness; the defendant objected on the ground, that he was a partner of the plaintiff and equally interested with him in the recovery in this action. The witness then executed a release to the plaintiff of all his interest; objection being still made, the same was overruled and the defendant excepted.

*Galbreath,* for plaintiff in error, cited 2 *Penns. Rep.* 138; 3 *Penns. Rep.* 177.

*Pearson,* contra, cited 3 *Rawle* 407; 1 *Penns. Rep.* 414; 1 *Rawle* 443.

PER CURIAM.—The court had assumed, whether accurately or not, that the witness is interested as a partner; and we are bound to take him to be so. That assumption is the basis of the release. The mere transfer of his interest, then, could not purge him because he would still remain exposed to the costs. The very point was ruled in Gallagher *v.* Milligan, 3 *Penns. Rep.* 177; a case exactly like the present, which could not have been before the court when the cause was ruled below.

Judgment reversed, and a *venire de novo* awarded.